# COMMON PLEAS OF LACKAWANNA CO.

H. M. BOIES ET AL VS. THE CITY OF SCRANTON ET AL.

FIRST—The enforcement of a city ordinance which is unconstitutional and void, and which seeks to impose a debt upon the city, may be enjoined by property owners and tax payers.

SECOND—Equity will not enjoin the passage of an unconstitutional ordinance, nor will courts of equity inquire into the motives of members of the Council in passing an ordinance.

THIRD—An injunction will be allowed to restrain the collection of city orders, while they are in the hands of the original payees, where such orders have been obtained by fraud or undue influence, and without adequate consideration

Opinion by HANDLEY, J.

This is an application for an injunction to restrain the defendants from paying " The Maloney Manufacturing and Gas Company, Limited," certain bills for supplying and lighting certain places in the city of Scranton. The contract for this gas, was signed by Joseph P. Phillips, President of the Select Council, and by M. Maloney, Manager, etc. The prayer of the plaintiffs is, that the defendants be restrained "from issuing, countersigning, approving or paying any warrants or orders upon the Treasurer of said city for the bills, illegally passed by the Councils, and that the ordinance and contract made in pursuance thereof be declared null and void." In the case of Matthews et al vs. the City of Scranton, the thirteenth paragraph of the plaintiffs' bill of complaint alleges that the city of Scranton and the authorities are greatly increasing the indebtedness of said city * * * contracting for the erection and construction of lamp posts, and the introduction of gas lights in the suburbs, and out-of-the-way places of said city. Whereupon the plaintiffs in said case prayed for an injunction to restrain the defendants from spending any " other or further sums of money, and that no new debt or liability, shall be incurred for the city." The injunction thus prayed for was allowed. Afterwards, on petition and motion, this injunction was modified, then ordered continued, and still later an appeal taken to the Supreme Court. The Supreme

Court further modified said injunction, by allowing the city authorities "to perform their ordinary and necessary duties, including therein the payment of the necessary expenses of the police, fire, and highway departments." As to all other matters the injunction was continued. Now there can be no doubt but that this injunction, thus sustained by the Supreme Court, on appeal, covers some of the questions presented for adjudication in the present case. If it has come to pass that an injunction cannot restrain the municipal officers of this city from wasting the public money and violating the law, then the Courts are powerless, and the property of her citizens is liable to confiscation by excessive taxation, to forward all manner of visionary schemes. We are impressed, however, with the belief that there is yet sufficient power left in this Court to compel all men within its jurisdiction to obey its mandate. That the officials of the city of 'Scranton did issue city warrants to pay the bills, of which the plaintiffs complain, there can, under the present showing, be no doubt, and that in some instances such warrants have passed into the hands of third parties. Hence we may in the near future be called upon to visit the vengeance of the law upon those who have violated the injunction heretofore granted to protect the property owners and taxpayers of this city. In the case of Andenreid vs. the Philadelphia and Reading R. R. Co. 18, P. F. Smith, 375, it was held that there are two kinds of injunctions in courts of equity. The one preliminary or interlocutory, the other final or perpetual. The object of the first, in general, is simply preventive—to maintain things in the condition in which they are at the time, until the rights and equities of the parties can be considered and determined after a full examination and hearing. All injunctions are generally processes of mere restraint; yet final injunctions may certainly go beyond this and command acts to be done or undone. They are then mandatory. They are often necessary to do complete justice. But the authorities, both in England and this country, are very clear that a preliminary injunction can not be mandatory. In the case of Frear vs. Casterline, 6 Luzerne Leg.

Reg. 111, we were forced, from the peculiar position of the parties, and the facts in the case, to follow the rule laid down in the case of the Baptist Church vs. Scannel, 3, Grant, 48, and to allow a mandatory order after the hearing of the motion to continue the preliminary injunction. This course was adopted because the acts of which the plaintiff complained, were nothing less than the absolute destruction of his property and rights. But we knew then, and have felt ever since, that we were treading on dangerous ground. The papers in this case show "that bills for the amount of three thousand and eighty dollars in favor of the "Maloney Manufacturing and Gaslight Company, Limited, were passed and approved by the Select Council of the city on June 11th, and September 14th, 1878, and by the Common Council of the said city on November 9, 1878, and have been sent  *  *  * to be countersigned." The bill praying for preliminary injunction was not filed in court until the 23d day of November 1878, and until some time thereafter the motion for the injunction was not made or argued. The city warrants, as far as we can ascertain, were issued on the 11th day of November, 1878, and as we have already said, some of these warrants have passed into the hands of third parties, while others were immediately presented and paid by the City Treasurer. The aid of equity is sometimes invoked to restrain the collection of commercial paper. Hence where promissory notes have been obtained by fraud, or undue influence, and without adequate consideration, an injunction may be granted, if such notes are in the hands of the payees, to restrain their collection. James vs. Roberts, 18 Ohio 248; Dorst vs. Brockway 11 Ohio 462; Sacket vs. Hillhause 5 Day, 551; Reinbert vs. Brown 17 Ala. 667. Wherever, therefore, these city warrants have passed by regular endorsement, and for a valuable consideration, into the hands of third persons, we cannot restrain the payment thereof nor can proceedings at law, be restrained, for their collection: Dougherty vs. Scudder, 2 C. E. Green, 248; High vs. Conley. 414-710. An injunction will not be allowed to restrain a county from the payment of a debt which has the sanction of moral obli-

gation: County vs. Hunt, 5 Ohio, 498.   Was the contract in this case made in pursuance of the ordinance passed,to light the city, according to law?   If it was, then is the ordinance itself valid?   It has been held that courts will not enjoin the passage of unauthorized ordinances, but will act when steps are taken to make them available: Chicago vs. Evans, 24, Ill., 52; Smith vs. McCarthy, 6. P. F. Smith, 357.   Nor will courts inquire into the motives of members of the Council in passing ordinances: Freeport vs. Marks 59 Pa. St. Reps. 253; Sunbury R. R. Co. vs. Cooper, 7, Am. Law Rep. 158.   But the enforcement of a city ordinance which is unconstitutional and void, and which seeks to impose a debt upon the city may be enjoined by property owners and tax payers of the city: Mayor et al. vs. Gill, 31, Md., Reps. 375; Pullman vs. Mayor et el. 49. Barb, 57.   The act of 1874, dividing the cities of this Commonwealth into three classes, expressly provides, by the 18th section, that the powers therein granted shall be exercised by the Mayor and Councils. It is clear the contract in this case was not executed by the Mayor of this city.   But it is not for us at this stage of the case, to say that the contract is null and void.   That question will be reached on final hearing and then disposed of.   Notwithstanding that we are fully convinced that the injunction in the case of Mathews et al vs. the City of Scranton, covers the first prayer of the plaintiffs' bill, yet we are constrained, after the prayer in this bill is amended, to allow the plaintiffs their injunction.   We, therefore, direct the plaintiffs to amend their prayer so as to read, "from paying any warrants or city orders heretofore issued for the purpose aforesaid, and now in the hands or possession of the original payee, named in such warrants or orders."   And thereupon preliminary injunction is directed to issue, not, however, to become operative until the plaintiffs shall have given bond with sureties,in the sum of one thousand dollars, conditioned according to law, and to be approved by the Court,or one of the Judges thereof.

G. F. BENTLY, Esq., for plfls.

I. H. BURNS, and L. AMERMAN, Esqs., for defts.

## NOTES OF RECENT DECISIONS.

*Injunction: Security substituted.*—The force of an injunction is spent when the parties to it, by contract, put in its place another security.

*Interest: Injunction; obviation by agreement.*—Although when a debtor is prevented from paying a debt at maturity, he is not liable for interest thereon—yet when the effect of the order is obviated by an agreement entered into between the parties, interest accrues upon the maturity of any obligation issuing out of said agreement. [Chandler et al. vs. Wright. Sup. Ct. of Fla. March 9 1878.]

*The Court of Appeals of Kentucky in Ward vs. Finnell:* It must appear, in an action for damages, that the action was founded in malice instituted without probable cause, and that the plaintiff has been damaged. When the reputation has not been assailed, or the defendant injured, or his property seized, or its use perverted the damages should be confined to loss of time and the reasonable expenses incurred in the defense of the action beyond the ordinary costs.